## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| ——————————————— x | |
| : | **Civil Action No.: 9:18cv80284** |
| NURIT LEVY f/k/a NURIT : | |
| LAVERTOVSKY, on behalf of herself and : | **COMPLAINT - - CLASS ACTION** |
| others similarly situated, : | |
| : | |
| Plaintiff, : | **JURY TRIAL DEMANDED** |
| : | |
| v. : | |
| : | |
| GLOBAL EXECUTIVE SOLUTIONS, LLC, : | |
| : | |
| Defendant. x | |
| ——————————————— | |

### NATURE OF ACTION

1.     This is a class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., for the benefit of Florida consumers who have been the subject of debt collection efforts by Global Executive Solutions, LLC ("Defendant").

2.     Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3.     As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained, "[h]armful debt collection

1

practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1] And over one-third of those complaints received by the CFPB involved debt collectors' attempts to collect debts that consumers did not owe.[2]

4.     To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and consumers' rights. 15 U.S.C. § 1692g(a).

5.     As noted by the CFPB and the Federal Trade Commission, "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

6.     A debt collector must send the validation notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a).

---

[1]     *See* Brief for the CFPB as Amicus Curiae, ECF No. 14, p. 2, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf

[2]     *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2016* at 16-17 (2016), https://www.consumerfinance.gov/data-research/research-reports/fair-debt-collection-practices-act-annual-report-2016/.

7.      Pertinent here, the validation notice must advise the consumer that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. 15 U.S.C. § 1692g(a)(3). But "15 U.S.C. § 1692 (g)(a)(3) *does not require a consumer to provide written notice of a debt dispute.*" *Caldwell v. JPMorgan Chase Bank, N.A.* No. 2:14-cv-02204-JTF-cgc, 2016 WL 10592261, at *7 (W.D. Tenn. Aug. 30, 2016) (emphasis added); *see also Baez v. Wagner & Hunt, P.A.*, 442 F. Supp. 2d 1273, 1277 (S.D. Fla. 2006) (finding that 15 U.S.C. § 1692 (g)(a)(3) does not require that a consumer dispute a debt in writing).

8.      A debt collector does not comply with section 1692g "merely by inclusion of the required debt validation notice; the notice Congress required must be conveyed effectively to the debtor." *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988). To be effective, the notice must not be overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency. *See* 15 U.S.C. § 1692g(b) ("Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.").

9.      "The juxtaposition of two inconsistent statements renders the notice invalid under § 1692g." *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998) *see also Peter v. GC Servs. L.P.*, 310 F.3d 344, 348 (5th Cir. 2002) (the required validation disclosures must "be set forth in a form and within a context that does not

distort or obfuscate [the validation notice's] meaning."). "It is the confusion based on the context of the notice which would lead the hypothetical least sophisticated consumer to be uncertain as to his statutory rights to dispute the debt and therefore eliminate the effectiveness of the statutory notice." *In re Martinez*, 266 B.R. 523, 533 (Bankr. S.D. Fla.), *judgment entered*, (Bankr. S.D. Fla. Aug. 22, 2001), *aff'd,* 271 B.R. 696 (S.D. Fla. 2001), *aff'd,* 311 F.3d 1272 (11th Cir. 2002).

10.     This case centers on Defendant's dissemination of debt collection correspondence to Florida consumers that contains language that is inconsistent with the consumer's dispute rights under the FDCPA.

## PARTIES

11.     Nurit Levy ("Plaintiff") is a natural person who at all relevant times resided in Palm Beach County, Florida.

12.     Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

13.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a medical bill (the "Debt").

14.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

15.     Defendant is a consumer debt collection agency based in Palm Beach County, Florida.

16.     Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect the Debt from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

17.     Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it was in default from the time that Defendant acquired it for collection.

18.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

19.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

20.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

21.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where a substantial part of the events or omissions giving rise to the claims occurred this district, and where Defendant has its principal place of business in this district.

## FACTUAL ALLEGATIONS

22.     On or about September 1, 2017, Defendant sent an initial written communication to Plaintiff in connection with the collection of the Debt allegedly owed by her.

23.     A true and correct copy of the initial written communication is attached as Exhibit A.

24.     The September 1, 2017 written communication was the first written communication Plaintiff received from Defendant in connection with the Debt.

25.     Plaintiff did not receive any additional written communications from Defendant within five days of the September 1, 2017 communication.

26.     The September 1, 2017 communication advised Plaintiff that Medical Specialists of the Palm Beaches had asked Defendant to contact Plaintiff regarding the Debt. *See* Ex. A.

27.     The September 1, 2017 communication thereafter advised Plaintiff:

Be aware that we are authorized to pursue this account and we are committed to use whatever means necessary and proper to secure payment. *If you dispute this amount, or any portion thereof, you need to dispute the account in writing within 30 days*. Upon receipt of dispute, verification of the debt will be provided.

Ex. A (emphasis added).

28.     On the back of the September 1, 2017 communication, Defendant advised Plaintiff as follows:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume that this debt is valid. If you notify us in writing within 30 days of receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment or verification. If you request in writing within 30 days of receiving this notice, this office will provide you with the name of the original creditor, if different than the current creditor.

29.     Defendant's September 1, 2017 communication violated the FDCPA for several reasons.

30.     First, the front of the September 1, 2017 communication advised Plaintiff that her dispute must be in writing. Such a statement overshadows and is inconsistent with the FDCPA's required validation notice, and the notice included by Defendant on the back of the September 1, 2017 communication, both of which allow a consumer to dispute a debt orally. *See, e.g.*, *Camacho v. Bridgeport Financial, Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005) ("The plain language of subsection (a)(3) indicates that disputes need not be made in writing, and the plain meaning is neither absurd in its results nor contrary to legislative intent. Thus, there is no writing requirement implicit in § 1692g(a)(3).").

31.     Second, the front of the September 1, 2017 communication advised Plaintiff that her dispute must be made within 30 days. This statement also overshadows and is inconsistent with the FDCPA's required validation notice, and the notice included by Defendant on the back of the September 1, 2017 communication, both of which allow a consumer to dispute a debt *within 30 days of receipt of the validation notice*. *Rivera v. Amalgamated Debt Collection Servs.,* 462 F. Supp. 2d 1223, 1228 (S.D. Fla. 2006) ("By mailing notices stating that debtors have thirty days from the date of the letter to challenge the debt, Defendant led debtors to believe that they had less than thirty days to obtain verification of the debt. That is a clear violation of the statute . . . .").

32.     Finally, the back of the September 1, 2017 communication stated: "If you notify us in writing within 30 days of receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment or verification." But the FDCPA requires that a debt collector disclose to a consumer that *if the consumer notifies the debt*

*collector* in writing within the thirty-day period *that the debt, or any portion thereof, is disputed*, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer *and a copy of such verification or judgment will be mailed to the consumer by the debt collector*. 15 U.S.C. § 1692g(a)(4).

33.    As a result, Defendant violated 15 U.S.C. § 1692g(a)(4) and 15 U.S.C. § 1692g(b).

34.    The harm suffered by Plaintiff is particularized in that the violative collection letter was sent to her personally, regarded her personal obligation, and failed to give her statutorily-mandated disclosures to which she was entitled.

35.    "Section 1692g furthers th[e] purpose [of protecting debtors from abusive debt collection activity] by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that he owes the debt sought by the collector before paying it." *Papetti v. Does 1-25*, 691 F. App'x 24, 26 (2d Cir. 2017).

36.    And Defendant's failure to provide the proper disclosures created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA. *See, e.g.*, *Zirogiannis v. Seterus, Inc.*, No. 17-140-cv, 2017 WL 4005008, at *2 (2d Cir. Sep. 12, 2017) (concluding "that the specific procedural violation alleged in the amended complaint presents a material risk of harm to the underlying concrete interest Congress sought to protect with the FDCPA").

37.    Indeed, the misstatements made by Defendant of the rights afforded by the FDCPA created a material risk that Plaintiff, and any other consumer who received the

collection letter, would be uncertain as to the method by which the debt could be disputed.

38.     In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm. *See Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016).

## CLASS ACTION ALLEGATIONS

39.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of a class consisting of:

> All persons (a) with a Florida address, (b) to whom Global Executive Solutions, LLC, (c) within one year before the date of this complaint, (d) in connection with the collection of a consumer debt, (e) mailed an initial debt collection communication not returned to Global Executive Solutions, LLC as undeliverable, (f) that stated (i) "[i]f you dispute this amount, or any portion thereof, you need to dispute the account in writing within 30 days," or (ii) "[i]f you notify us in writing within 30 days of receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment or verification."

40.     Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

41.     The proposed class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

42.     The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

43.     The proposed class is ascertainable because it is defined by reference to objective criteria. In addition, and upon information and belief, the names and addresses

of all members of the proposed class can be identified in business records maintained by Defendant.

44.     The proposed class satisfies Rules 23(a)(2) and 23(a)(3) because Plaintiff's claims are typical of the claims of the members of the class. To be sure, the claims of Plaintiff and all members of the class originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed class.

45.     Plaintiff satisfies Rule 23(a)(4) because she will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation. Plaintiff has no interests that are contrary to or in conflict with the members of the class that she seeks to represent.

46.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

47.     Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

48.     There will be no difficulty in the management of this action as a class action.

49.     Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted

on grounds generally applicable to the class. Among the issues of law and fact common

to the class are:

     a.   Defendant's violations of the FDCPA as alleged herein;

     b.   Defendant's failure to properly provide in its initial debt collection letters

          certain of the disclosures required by 15 U.S.C. § 1692g;

     c.   Whether Defendant is a debt collector as defined by the FDCPA;

     d.   the availability of statutory penalties; and

     e.   the availability of attorneys' fees and costs.

## COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g(a)(4)

50.    Plaintiff repeats and re-alleges each and every factual allegation contained

in paragraphs 1 through 49.

51.    The FDCPA at 15 U.S.C. § 1692g(a)(4) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–

*****

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

52.    The September 1, 2017 communication did not comply with 15 U.S.C. § 1692g(a)(4).

53.     Specifically, the September 1, 2017 communication stated: "If you notify us in writing within 30 days of receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment or verification." But the FDCPA requires that a debt collector disclose to a consumer that a statement that *if the consumer notifies the debt collector* in writing within the thirty-day period *that the debt, or any portion thereof, is disputed*, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer *and a copy of such verification or judgment will be mailed to the consumer by the debt collector*. 15 U.S.C. § 1692g(a)(4).

54.     As a result, Defendant violated 15 U.S.C. § 1692g(a)(4).

## COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g(b)

55.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 49.

56.     The FDCPA at 15 U.S.C. § 1692g(b) provides:

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. *Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.*

(emphasis added).

57.     The September 1, 2017 communication did not comply with 15 U.S.C. § 1692g(b) for two distinct reasons.

58.     First, by advising Plaintiff, on the front of the September 1, 2017 communication, that a dispute of the Debt had to be in writing, Defendant overshadowed and contradicted the FDCPA's required validation notice, and the notice included by Defendant on the back of the September 1, 2017 communication, both of which allow a consumer to dispute a debt orally.

59.     Second, by advising Plaintiff, on the front of the September 1, 2017 communication, that any dispute of the Debt had to be made within 30 days, Defendant overshadowed and contradicted the FDCPA's required validation notice, and the notice included by Defendant on the back of the September 1, 2017 communication, both of which allow a consumer to dispute a debt *within 30 days of receipt of the validation notice*.

60.     As a result, Defendant violated 15 U.S.C. § 1692g(b).

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

a.      Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

b.      Adjudging and declaring that Defendant violated 15 U.S.C. § 1692g(a)(4) and 15 U.S.C. § 1692g(b).

c.      Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

d.      Awarding members of the class any actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

e.      Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

f.      Awarding Plaintiff and members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

g.      Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated:  March 6, 2018                          Respectfully submitted,

/s/ *James L. Davidson*
James L. Davidson
FL Bar No. 723371
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: (561) 826-5477
Fax: (561) 961-5684
jdavidson@gdrlawfirm.com

Benjamin W. Raslavich
FL Bar No.  102808
Kuhn Raslavich, P.A.
2124 W. Kennedy Blvd., Suite B
Tampa, Florida 33606
Tel: (813) 422 -7782
Fax: (813) 422-7783
ben@thekrfirm.com

Counsel for Plaintiff and the
proposed class